IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DIANNE MEYER,

                  Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                  Defendant.

ORDER

14-cv-813-jdp

---

      Plaintiff Dianne Meyer seeks judicial review of a final decision of defendant Carolyn W. Colvin, the Acting Commissioner of Social Security, finding her not disabled within the meaning of the Social Security Act. The court held a telephonic hearing on Meyer's motion for summary judgment on November 24, 2015. For the reasons stated at the hearing and summarized here, the court will remand this case to the Commissioner for further proceedings. Remand is required to address three issues.

      First issue. Meyer suffers from back problems, joint problems, migraines, asthma, and chronic obstructive pulmonary disease. Meyer reports debilitating back pain, but the ALJ discounted her credibility on this point. The ALJ determined that Meyer's self-reported pain was inconsistent with the objective medical evidence and the conservative treatment she had undertaken.

      But the ALJ's credibility determination is based on misstatements of the evidence. The ALJ stated that Meyer's complaints of pain "appear inconsistent" with the fact that she "has not been prescribed narcotics, nor is there evidence showing that surgery was advised."

R. 25.[1] In particular, the ALJ cited "the fact that it has never been felt necessary or appropriate to give her anything stronger than acetaminophen." *Id.* These statements are simply incorrect. Meyer was prescribed pregabalin, celecoxib, duloxetine, and diclofenac sodium; she underwent physical therapy, branch block injections, sacroiliac joint injections, and ablation. *See* R. 337-38, 823-46. Dr. Jankus, whose opinion the ALJ gave "great weight," thought the branch block injections (which he described as "numerous painful injections") demonstrated that her reports of pain were credible. R. 916; *see also* R. 915 ("I am not picking up exaggerated pain behavior issues"). The ALJ also stated that Meyer's medical imaging showed minor disc bulges, but without neurological consequences. R. 25. In fact, Meyer's MRI showed stenosis with probable nerve root impingement in her lower back. R. 324.

The ALJ's faulty appraisal of the objective medical evidence and her purportedly conservative treatment was fundamental to his conclusion that Meyer's pain was not as severe as she claimed. Because the ALJ's credibility determination was based on misstatements of the evidence, it is patently wrong and thus requires remand. *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008). On remand, the ALJ must accurately represent the record evidence and consider "the nature and intensity of claimant's pain, precipitation and aggravating factors, dosage and effectiveness of any pain medications, other treatment for the relief of pain, functional restrictions, and the claimant's daily activities" to determine Meyer's credibility. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000), *as amended*, (Dec. 13, 2000); *see also* SSR 96-7p.

Second issue. Meyer also contends that the ALJ failed to consider her non-severe mental impairments in the RFC, contrary to 20 C.F.R. § 404.1545(a)(2). The basic principle

---

[1] Record citations are to the administrative transcript, located at Dkt. 7.

is well established: "When determining a claimant's RFC, the ALJ must consider the combination of all limitations on the ability to work, including those that do not individually rise to the level of a severe impairment." *Denton v. Astrue*, 596 F.3d 419, 423 (7th Cir. 2010); *see also Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003) ("[T]he ALJ needed to consider the aggregate effect of this entire constellation of ailments—including those impairments that in isolation are not severe."). Meyer has not cited any appellate case expressly requiring an ALJ to incorporate every mild limitation into the RFC. The claimant in *Golembiewski*, for example, suffered from "a host of significant medical conditions," including a partially amputated leg and epilepsy.

Meyer has an affective disorder, specifically "adjustment disorder with mixed anxiety and depressed mood." R. 858. At the hearing, Meyer testified that her affective disorder was a problem that kept her from working. R. 77-79. The reviewing psychologist who appraised Meyer found that she suffered no limitations in daily living or social functioning, no episodes of decompensation, and mild limitations in concentration, persistence, and pace. R. 855. The ALJ properly determined that, for purposes of steps two and three of the sequential analysis, Meyer's mental impairments were non-severe. R. 23.

But the RFC used at steps four and five did not incorporate Meyer's mild limitation in concentration, persistence, and pace. R. 24-25. Because the ALJ credited the psychologist's determination that she had this limitation, and because Meyer asserted that her affective disorder was one of the reasons that she could not work, the ALJ should have addressed her limitations in concentration, persistence, and pace. In *Villano v. Astrue*, the Seventh Circuit held that it was error for the ALJ to fail to discuss the combined effects of a claimant's impairments, including her depression and a mild limitation in her concentration,

persistence, and pace. 556 F.3d 558, 563 (7th Cir. 2009). The situation of the claimant in *Villano* is close enough to Meyer's to guide the decision here. On remand, the ALJ should incorporate Meyer's mild limitation in concentration, persistence, and pace into the RFC, unless the ALJ offers a well-reasoned explanation for not doing so.

Third issue. Meyer alleged that she suffers from daily migraines. The ALJ found that her migraines were a severe impairment, and he did not specifically discredit her testimony regarding the frequency or effects of her migraines. The ALJ included in the RFC the limitation that Meyer would be off-task no more than 10 percent of the workday because of headaches. But the ALJ did not explain how being off-task up to 10 percent of the workday would accommodate the effects that Meyer attributed to her migraines. R. 82-83. On remand, the ALJ should ensure that the effects of Meyer's migraines are accurately matched to the limits in her RFC.

IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff Dianne Meyer's application for disability benefits is REVERSED and REMANDED under sentence four of 42 U.S.C. § 405(g). The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered December 1, 2015.

            BY THE COURT:

            /s/

            _____
            JAMES D. PETERSON
            District Judge